1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN GARCIA,                    )      1:10-cv-00736-JLT HC
                                        )
12                    Petitioner,       )      ORDER DISMISSING PETITION FOR
                                        )      WRIT OF HABEAS CORPUS FOR
13        v.                            )      LACK OF EXHAUSTION (Doc. 1)
                                        )
14                                      )
     FRESNO MUNICIPAL COURTHOUSE,       )      ORDER DIRECTING CLERK OF COURT
15                                      )      TO ENTER JUDGMENT AND CLOSE
                      Respondent.       )      THE FILE
16   _____)
                                               CERTIFICATE OF APPEALABILITY
17                                             NOT REQUIRED

18        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.  On May 7, 2010, Petitioner filed his written consent to the

20   jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

21        The instant petition was filed on April 28, 2010.  (Doc. 1).  In his petition, Petitioner alleges

22   that he is presently incarcerated in the Fresno County Jail for a conviction for possession of

23   marijuana in the Fresno County Superior Court.  (Doc. 1, p. 2).  Petitioner's sole ground for relief is

24   as follows: "The Courts are opening cases by giving people parole.  Therefore giving criminals a

25   chance to slip through loopholes in the law."  (Id., p. 3).  Under his "supporting facts," Petitioner

26   explains that he went to court on April 1, 2010, whereupon his attorney arranged a plea agreement

27   with the trial court for Petitioner to serve sixty more days of confinement and to have that time

28   converted from probation to parole.  (Id.).  Petitioner objected, requested a hearing to obtain a new

                                              1

1  lawyer, had his lawyer removed, and now contends that the lawyer and his firm have some "kind of

2  immunity from being prosecuted."  (Id.).

3  **DISCUSSION**

4       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

5  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

6  from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

7  Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court

8  will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A

9  preliminary review of the Petition reveals that Petitioner may not have exhausted his state court

10  remedies.

11       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

12  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

13  exhaustion doctrine is based on comity to the state court and gives the state court the initial

14  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

15  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

16  1163 (9th Cir. 1988).

17       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

18  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

19  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

20  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

21  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

22  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

23  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

24       Additionally, the petitioner must have specifically told the state court that he was raising a

25  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

26  (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

27  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

28  Supreme Court reiterated the rule as follows:

1
2
3
4
5

In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

6

<u>Duncan</u>, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

7
8
9
10
11
12

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

13
14

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

15

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

16

Here, as discussed, Petitioner is challenging events that apparently occurred in the Fresno

17

County Superior Court on April 1, 2010.  Nowhere in the petition does Petitioner allege that he has

18

exhausted this claim in state court by presenting it to the California Supreme Court.  Indeed, given

19

that less than four weeks transpired between the event complained of and the filing of the petition, it

20

would be remarkable if Petitioner had time to file a state habeas petition in the California Supreme

21

Court, much less to fully exhaust such a claim.

22

From the foregoing, the Court concludes that Petitioner has not presented his claim to the

23

California Supreme Court as required by the exhaustion doctrine.  Because Petitioner has not

24

presented his claim for federal relief to the California Supreme Court, the Court must dismiss the

25

petition.  See <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);

26

<u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition

27

that is entirely unexhausted.  <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Calderon</u>, 107 F.3d at

28

760. [1]

# **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1.     The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of exhaustion; and,

2.     The Clerk of the Court is DIRECTED to enter judgment and close the file.

3.     No certificate of appealability is required.


IT IS SO ORDERED.

Dated:   **May 12, 2010**                                            **/s/ Jennifer L. Thurston**
                                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1]The Court also notes that several other grounds exist to dismiss the petition.  First, the claim, as described above, fails to state a claim upon which habeas corpus relief can be granted.  The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2). Here, Petitioner has not alleged any specific adjudication by the state court, much less that such an adjudication was contrary to or an unreasonable application of clearly established federal law.  Accordingly, he has failed to state a claim upon which habeas relief can be granted.

Moreover, it appears that Petitioner has not completed the state criminal process about which he complains.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Moreover, federal courts *can* abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14, 96 S.Ct. 1236, 1244 (1976); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063 (1959); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17, 116 S.Ct. 1712, 1721 (1996).  Because Petitioner's state criminal proceedings appear to be ongoing, even if Petitioner had successfully pleaded a federal habeas claim, and even if such a claim were fully exhausted, it appears that the Court would have to abstain until the state proceedings were concluded.

The Court notes that this is the third federal petition filed in this Court by Petitioner within the last month. Petitioner also filed case no. 1:10-cv-00675-JLT on April 16, 2010, and case no. 1:10-cv-00625-JLT on April 9, 2010. Both cases were dismissed because Petitioner was complaining about conditions of confinement rather than the fact or duration of that confinement.  In each of its orders, the Court has fully explained to Petitioner the relatively narrow limits of federal habeas jurisdiction.  The Court is hopeful that, at some point, Petitioner will recognize that his many complaints about his treatment by the Fresno County Jail and the Fresno County Superior Court do not automatically translate into viable federal habeas claims, and that Petitioner will either refrain from filing federal habeas petitions until he has a cognizable and fully exhausted habeas claim or else will pursue his civil rights remedies under 42 U.S.C. § 1983.